IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**CARLOS FERNANDO**
**FERNANDEZ-GONZALEZ (01),**

    Defendant.

Case No. 17-40065-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] defendant Carlos Fernandez-Gonzalez's Motion For Return Of Property Pursuant To Federal Rule Of Criminal Procedure 41(g) (Doc. 60) filed December 17, 2018. For the reasons described below, the court denies Mr. Fernandez-Gonzalez's motion.

A person aggrieved by an unlawful search, seizure of property or deprivation of property may move for the property's return. Fed. R. Crim. P. 41(g). Mr. Fernandez-Gonzalez seeks the return of a cell phone and "some money." Doc. 60 at 1.

On December 31, 2018, shortly after Mr. Fernandez-Gonzalez filed his motion, the government mailed the cell phone to his mother, as he requested. *See* Status Report (Doc. 63) at 2. Accordingly, the court denies that portion of Mr. Fernandez-Gonzalez's motion as moot.

---

[1] Because Mr. Fernandez-Gonzalez proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Turning to the cash in Mr. Fernandez-Gonzalez's possession when arrested, the government notes that he had $18 in cash when he was booked into the Russell County Jail. *See id.* at 1. The government asserts that Mr. Fernandez-Gonzalez spent the cash on commissary items in the jail. *See id.* Mr. Fernandez-Gonzalez has not filed a reply brief challenging the accuracy of the government's representations. Because it appears the government does not possess the money which Mr. Fernandez-Gonzalez had when he was arrested, the court denies his request for return of the money.[2]

In his motion, Mr. Fernandez-Gonzalez also inquires whether he qualifies for relief under the new "first offender" provisions that are to take effect in 2018. Doc. 60 at 3. The court assumes that Mr. Fernandez-Gonzalez intended to refer to the First Step Act, Pub. Law 115-391, 132 Stat. 5194 (enacted Dec. 21, 2018). The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), which previously required the Bureau of Prisons to bring a motion on a defendant's behalf. Now, a defendant may bring his own motion for compassionate release if he has exhausted administrative remedies, or at least 30 days have lapsed since he submitted a request to the warden. 18 U.S.C. § 3582(c)(1)(A). Mr. Fernandez-Gonzalez has not shown that he has satisfied the statutory requirements to file a motion.[3]

---

[2] Mr. Fernandez-Gonzalez asserts that the money was in his wallet, but he does not specify whether he also seeks the return of his wallet. In any event, the government asserts that the Kansas Highway Patrol never had possession of the wallet. Because it appears the government does not possess the wallet, the court denies any implicit request for its return under Rule 41(g).

[3] Section 404 of the First Step Act also permits district courts to reduce a sentence retroactively based on the revised crack cocaine penalties of the Fair Sentencing Act of 2010, Pub. Law No. 111-220, 124 Stat. 2372, § 404(a). Section 404 does not apply to Mr. Fernandez-Gonzalez because he was sentenced after 2010 and his convictions involved fentanyl and heroin, not crack cocaine.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Carlos Fernandez-Gonzalez's Motion For Return Of Property Pursuant To Federal Rule Of Criminal Procedure 41(g) (Doc. 60) is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of May, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
